1    **WO**

2

3

4

5                    **IN THE UNITED STATES DISTRICT COURT**

6                        **FOR THE DISTRICT OF ARIZONA**

7

8

9    Shai Segui,                              No. CV-24-01171-PHX-DGC

10                   Plaintiff,               **ORDER**

11   v.

12   Stephanie Stromfors; Diana Vigil; Randy
     Rand; Julie Verner; Yvonne Parnell; Donna
13   Moniz; and Building Family Bridges,

14                   Defendants.

15

16         On October 11, 2024, Plaintiff filed a motion requesting that the Clerk of Court

17   enter Defendant Randy Rand's default pursuant to Federal Rule of Civil Procedure 55(a).

18   Doc. 62 at 1.  Plaintiff also requests that ten days from the filing of the motion, the Court

19   enter default judgment against Defendant Rand.  *Id.* at 2.  This request is denied.

20         Default judgment under Rule 55 "is a two-step process: an entry of default judgment

21   must be preceded by an entry of default."  *Brooke v. Sai Ashish Inc.*, No. 1:21C-cv-00967-

22   AWI-SAB, 2021 WL 4804220, at *5 (E.D. Cal. Oct. 14, 2021) (citing *Eitel v. McCool*, 782

23   F.2d 1470, 1471 (9th Cir. 1986)).  The entry of default by the clerk "does not automatically

24   entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.

25   Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25

26   (9th Cir. 1986)); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The

27   district court's decision whether to enter a default judgment is a discretionary one.").  The

28

                                              1

rule in this Circuit is "that default judgments are ordinarily disfavored.  Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.

What is more, while the Court may generally take as true the factual allegations of the complaint, it may not simply accept the amount of damages the plaintiff requests.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  "There must be an evidentiary basis for the damages sought by plaintiff."  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted); *see also Rubicon Glob. Ventures, Inc. v. Chongqing Zongshen Grp. Imp./Exp. Corp.*, 226 F. Supp. 3d 1141, 1149 (D. Or. 2016) (noting that "district courts within the Ninth Circuit have required plaintiffs to prove . . . compensatory damages with 'reasonable certainty' even in situations of default.") (citations omitted); *Wu v. Ip*, No. C-93-4467-FMS, 1996 WL 428342, at *1 (N.D. Cal. 1996) (while injury may be admitted upon default, plaintiffs "still must prove that the compensation sought relates to the damages that naturally flow from the injuries pled.") (citation omitted).

The Clerk has now entered Defendant Rand's default.  Doc. 64.  Plaintiff shall promptly file a motion for default judgment under Rule 55(b) that addresses the *Eitel* factors and presents sufficient evidence to support any requested damages.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2024.

David G. Campbell
Senior United States District Judge

2