1  **WO**

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6                   FOR THE DISTRICT OF ARIZONA

7

8  Shai Segui,                              No. CV-24-01171-PHX-DGC

9                    Plaintiff,             **ORDER**

10  v.

11  Stephanie Stromfors; Diana Vigil; Randy Rand;
    Julie Verner; Yvonne Parnell; Donna Moniz;
12  and Building Family Bridges,

13                    Defendants.

14

15         Plaintiff Shai Segui asserts civil rights violations and related claims in the operative

16  second amended complaint.  Doc. 70.  Pursuant to Federal Rule of Civil Procedure

17  12(b)(6), Defendants Stephanie Stromfors, Diana Vigil, Julie Verner, and Randy Rand

18  have filed motions to dismiss.  Docs. 71, 72, 73, 81.  The motions are fully briefed and oral

19  argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).  For

20  reasons stated below, the Court will grant the motions.[1]

21  **I.    Background.**

22         The facts of this sad case arise from Arizona family court proceedings between

23  Plaintiff's parents, David Segui and Donna Moniz.[2]  Plaintiff's father filed for divorce in

24  _____

25         [1] Plaintiff has failed to serve process on Defendants Yvonne Parnell and Donna
    Moniz.  The Clerk has entered default against Defendant Building Family Bridges.
26  Doc. 87.

27         [2] *See Segui v. Moniz*, FC2015-004537 (Maricopa Cnty. Super. Ct. May 8, 2015);
    *Family Court Case Information – Case History*, Jud. Branch of Ariz. in Maricopa Cnty.,
28  https://www.superiorcourt.maricopa.gov/docket/FamilyCourtCases/caseInfo.asp?caseNu
    mber=fc2015-004537 (last visited June 25, 2025).

2015.  Doc. 70 ¶ 14.  A decree of dissolution was entered in 2017, when Plaintiff was eleven years old.  *Id.* ¶ 15.  A lengthy custody battle ensued over the next several years.  *Id.* ¶ 14.

Plaintiff alleges that his mother was abusive and he requested to live exclusively with his father.  *Id.* ¶¶ 12-13, 16.  Plaintiff informed court-appointed therapists about the abuse, but it was not reported to appropriate authorities.  *Id.* ¶¶ 17-19.

On September 3, 2020, the family court appointed Defendant Vigil as a therapeutic interventionist.  *Id.* ¶¶ 17, 29; Doc. 72-1.  On December 1, 2020, Vigil advised the court that Plaintiff would need therapy to reunify with his alienated mother.  Doc. 70 ¶ 29.  Vigil recommended Building Family Bridges ("BFB"), an intensive reunification program owned and operated by Defendant Rand.  *Id.* ¶¶ 4, 30; Doc. 70-2 at 2.

On November 12, 2020, the family court appointed Defendant Stromfors as a Best Interests Attorney ("BIA").  Doc. 70 ¶¶ 23-24; Doc. 70-1 at 2.[3]  On December 28, 2020, Stromfors filed a motion to temporarily place Plaintiff and his brother in their mother's custody.  Doc. 70 ¶¶ 33, 39-40; Doc. 74-1.  Stromfors claimed severe alienation between Plaintiff and his mother and recommended BFB as the preferred reunification program.  Doc. 70 ¶¶ 27, 33, 38.  The court granted the motion and ordered Plaintiff's mother to enroll with the children in BFB.  *Id.* ¶ 47; Doc. 38-3.

In early January 2021, Plaintiff and his brother were transported to California to attend the BFB reunification program.  Doc. 70 ¶¶ 57-62.  Plaintiff was denied contact with his father and was required to participate in counseling sessions with his mother and Defendants Vigil, Verner, and Rand.  *Id.* ¶ 72.  Plaintiff described the abuse by his mother and requested to be sent home to his father, but was forced to continue the reunification therapy.  *Id.* ¶¶ 75-77.  Plaintiff was told that if he did not cooperate he would be sent to a

_____

[3] A BIA is appointed "when the court determines, due to the child's lack of maturity or judgment or other circumstances, that it is more appropriate for a lawyer to be appointed to discern – and then advocate – the child's best interests." *Aksamit v. Krahn*, 227 P.3d 475, 479 (Ariz. Ct. App. 2010) (citation omitted).  A BIA "shall participate in the conduct of the litigation to the same extent as an attorney for any party[,]" but "may not submit a report into evidence" or "testify in court."  Ariz. R. Fam. L. P. 10(E)(1), (5), (6).

wilderness therapy program. *Id.* ¶ 78. Based on these threats and coercive manipulation Plaintiff endured throughout the reunification therapy, he remained quiet. *Id.* ¶¶ 79-80.

When the therapy concluded, Plaintiff was sent to the full custody of his mother in accordance with BFB's aftercare program. *Id.* ¶ 81. Plaintiff was threatened with more time away from his father if he did not improve his relationship with his mother and speak favorably about BFB. *Id.* ¶¶ 83-84, 89.

As a result of the reunification therapy, Plaintiff was precluded from having contact with his father for nearly a year and a half and experienced severe emotional distress. *Id.* ¶¶ 86-88, 97-98, 100-02. Plaintiff alleges that Defendants prolonged the family court proceedings and reunification therapy for their own financial gain. *Id.* ¶¶ 19, 42-46, 98, 106, 109, 159, 165-66. Plaintiff asserts three claims pursuant to 42 U.S.C. § 1983: violation of the Fourteenth Amendment right to due process, conspiracy to interfere with civil rights, and violation of the First Amendment right to freedom of association (counts one through three). *Id.* ¶¶ 104-84. Plaintiff also asserts battery claims (count four – against Moniz only) and a civil rights claim under California Civil Code § 52.1 (count five). *Id.* ¶¶ 185-216.

## II.    Rule 12(b)(6) Standard.

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As reflected in the factual recitation set forth above, the Court treats all well-pled factual allegations in the complaint as true and construes them in the light most favorable

to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A court's review on a motion to dismiss is usually limited to the complaint itself, but the court may consider documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).[4]

## III.    Discussion.

### A.    Defendant Stromfors' Motion.

Plaintiff asserts the § 1983 claims against Defendant Stromfors. Doc. 70 ¶¶ 104-84. "To succeed on a claim under § 1983, a plaintiff must show '(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law.'" *Chatman v. Ferrell*, No. CV-17-03826-PHX-DLR, 2018 WL 3209389, at *2 (D. Ariz. June 29, 2018) (quoting *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

Stromfors moves to dismiss the § 1983 claims on the grounds that she is entitled to qualified and absolute immunity, she did not act under color of state law, and Plaintiff has failed to state a conspiracy claim and a claim for violation of the right to familial association. Doc. 71 at 8-18. The Court finds that qualified immunity bars the § 1983 claims asserted against Stromfors and will grant her motion to dismiss. Given this ruling, the Court need not address Stromfors' other arguments.[5]

---

[4] The Court may also take judicial notice of public records such as the family court documents attached to the complaint and the parties' briefs. *See Lee*, 250 F.3d at 689-90 (citing Fed. R. Evid. 201); *Suzuki v. Cnty. of Contra Costa*, No. 18-CV-06963-SI, 2019 WL 2247829, at *2 & n.5 (N.D. Cal. May 24, 2019) (taking judicial notice of "various state court orders and documents from the plaintiff's family court proceedings"); *Robert Kubicek Architects & Assocs. Inc. v. Bosley*, No. CV 11-2112 PHX DGC, 2012 WL 3149348, at *1 (D. Ariz. Aug. 1, 2012) (explaining that courts can take "judicial notice of undisputed matters of public record, including documents on file in federal or state courts," without converting a motion to dismiss to one for summary judgment) (quoting *Harris v. Cnty. of Orange*, 682 F.3d 1126, 2012 WL 2060666, at *3 (9th Cir. June 8, 2012)).

[5] Defendants Stromfors and Vigil argue that they are protected by absolute quasi-judicial immunity, asserting that this immunity is granted to individuals who perform functions that are "intimately related to" the judicial process. Docs. 71 at 8, 72 at 8 (citing *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980); *Acevedo v. Pima Cnty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984)). But the "relation of the action to a judicial proceeding is no longer a relevant standard." *Gay v. Parsons*, 61 F.4th 1088, 1092 (9th

Qualified immunity shields government officials, including private individuals retained by the government to carry out its work, from § 1983 claims unless the plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see Filarsky v. Delia*, 566 U.S. 377, 389 (2012) (immunity from § 1983 claims applies to individuals working for the government). An official's conduct violates clearly established law when "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (citation modified). Although there need not be a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* "This exacting standard gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *City & Cnty. of S.F., Calif. v. Sheehan*, 575 U.S. 600, 611 (2015) (citation modified); *see also Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017) ("For a right to be clearly established, case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law."); *Martinez v. High*, 91 F.4th 1022, 1031 (9th Cir. 2024) ("[E]xisting case law must have put 'every reasonable official' on notice that their conduct was unconstitutional. The case law also 'must be 'controlling' – from the Ninth Circuit or the Supreme Court – or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction.").

Plaintiff asserts that Stromfors "clearly violated his constitutional rights, which were well established." Doc. 74 at 7 (citing Doc. 70 ¶ 211). He alleges that "threatening [Plaintiff] to openly lie to the court or lose access to his Father was a direct interference of

---

Cir. 2023) (citations omitted). "[T]he relevant test now is whether the official is 'performing a duty functionally comparable to one for which officials were rendered immune at common law.'" *Id.* Because Stromfors and Vigil do not apply this test in their briefing, the Court declines to address absolute immunity.

his constitutional rights of association as secured by the United States Constitution." Doc. 70 ¶ 211. But Plaintiff cites no legal authority showing that this alleged constitutional violation was well established at the time of the challenged conduct. *See* Doc. 74 at 7-8. Plaintiff cites two cases, *Morrison v. Jones*, 607 F.2d 1269 (9th Cir. 1979), and *Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1987). *Id.* Neither of these cases shows that the constitutional violations alleged in this case are well established.

*Morrison* involved the transportation of a child to a foreign country in violation of his mother's constitutional rights. 607 F.2d at 1271. *Smith* concerned a police officer's use of deadly force against the plaintiffs' father. 818 F.2d at 1413-14. *Morrison* and *Smith* would not have made it "sufficiently clear" to every reasonable best interests attorney that the alleged misconduct in this case – recommending that a child and a parent participate in reunification therapy – violated the right to due process and familial association. *al-Kidd*, 563 U.S. at 741.

Plaintiff notes that children and their parents have a constitutional right to familial association. Doc. 74 at 2. But this principle is simply too general to satisfy the "clearly established" requirement and defeat qualified immunity. The Supreme Court repeatedly has told courts "not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018); *see Sharp v. Cnty. of Orange*, 871 F.3d 901, 910-11 (9th Cir. 2017) ("The Supreme Court has repeatedly instructed that we examine 'whether the violative nature of *particular* conduct is clearly established' by controlling precedent, not whether the conduct violates a general principle of law.") (citations omitted).

Plaintiff states that Stromfors is being sued for exceeding her authority as a BIA, deceiving the family court into severing Plaintiff's relationship with his father, conspiring to secure a contract to send Plaintiff to BFB, and failing to report his mother's abuse. Doc. 74 at 11-12. But Plaintiff cites no case on similar facts where a court has upheld a due process or familial association claim. *See* Doc. 78 at 8. Because Plaintiff has not shown that "the contours of [his claimed] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right," *al-Kidd*, 563 U.S. at 741,

Stromfors is entitled to qualified immunity even if her alleged conduct resulted in a constitutional violation, *id.* (plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct").

### B.     Defendant Vigil's Motion.

Plaintiff also asserts the § 1983 claims against Defendant Vigil.  Doc. 70 ¶¶ 104-84.  She too argues that qualified immunity shields her from the claims.  Doc. 72 at 7-8, 12.  The Court agrees.

As noted, to overcome the qualified immunity defense, Plaintiff must show that the specific constitutional right at issue was clearly established at the time of the alleged violation.  *See al-Kidd*, 563 U.S. at 735.  Plaintiff cites several paragraphs of the complaint in asserting that Vigil violated his clearly-established rights.  Doc. 75 at 6 (citing Doc. 70 ¶¶ 16-27).  Paragraphs 16-19 allege that Vigil failed to report the abuse by Plaintiff's mother for Vigil's own financial benefit, and paragraphs 21-22 allege that Vigil falsely reported to the family court that Dr. Raymond Branton, who served as the therapeutic interventionist before Vigil, supported Plaintiff attending BFB.  Doc. 70 ¶¶ 16-22.[6]  But as with Defendant Stromfors' motion, Plaintiff cites no case where, on similar facts, a court has upheld a due process or familial association claim.  Doc. 75 at 6.[7]

The Court finds that qualified immunity shields Vigil from liability on the § 1983 claims and will grant her motion to dismiss.[8]

### C.     Defendant Verner's Motion.

Plaintiff alleges that Defendant Verner threatened to keep him separated from his father and send him to a wilderness therapy program if he did not comply with the BFB

---

[6] Paragraphs 23-27 are not relevant to the § 1983 claims against Vigil because they concern Stromfors' conduct as the BIA.  Id. ¶¶ 23-27.

[7] Plaintiff again cites *Morrison* (Doc. 75 at 6), but that case is distinguishable for reasons stated above.

[8] Given this ruling, the Court need not address Vigil's other arguments.  *See* Doc. 72 at 8-12, 13-16.

1    program and lie about his experience with BFB to the family court.  Doc. 70 ¶¶ 78, 208;

2    Doc. 77 at 2.[9]  Plaintiff asserts three claims against Verner – the § 1983 due process and

3    familial association claims (counts one and three) and a violation of California Civil Code

4    § 52.1 (count five).  Doc. 70 ¶¶ 104-62, 175-84, 204-15.  Verner contends that the § 1983

5    claims should be dismissed because Plaintiff fails to allege a constitutional violation by

6    Verner or that Verner acted under color of state law.  Doc. 73 at 5-7.  Plaintiff concedes

7    that the § 1983 claims should be dismissed.  Doc. 77 at 2.  The Court will grant Verner's

8    motion in this regard.

9         Verner argues that the complaint fails to state a claim under California Civil Code

10   § 52.1.  Doc. 73 at 7-9.  The Court agrees.

11        Section 52.1, known as the "Bane Act," was enacted in 1987 to address hate crimes.

12   *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018).  It "provides a cause

13   of action for violations of a plaintiff's state or federal civil rights committed by 'threats,

14   intimidation, or coercion.'"  *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1105 (9th Cir. 2014)

15   (quoting Cal. Civ. Code § 52.1(b)).  "Speech alone" is not sufficient to support a Bane Act

16   claim unless "the speech itself threatens violence against a specific person or group of

17   persons; and the person or group of persons against whom the threat is directed reasonably

18   fears that, because of the speech, violence will be committed against them or their property

19   and that the person threatening violence had the apparent ability to carry out the threat."

20   Cal. Civ. Code § 52.1(k); *see Anderson v. Perez*, No. 23-2790, 2024 WL 4471306, at *2

21   (9th Cir. Oct. 11, 2024) (same); Jud. Council of Cal. Civ. Jury Instruction 3066, Bane Act

22   – Essential Factual Elements (Civ. Code § 52.1), CACI 3066 ("The Bane Act provides that

23   speech alone is not sufficient to constitute a violation unless it involves a credible threat of

24   violence. (Civ. Code, § 52.1(k).)  This limitation would appear to foreclose a claim based

25   on threats, intimidation, or coercion involving a nonviolent consequence.").

26

27   ──────────────

28        [9] Plaintiff does not allege that Verner had any involvement in the family court proceedings or with Plaintiff before he arrived at BFB.  *See* Doc. 73 at 4.

8

Plaintiff contends that Verner's threat to send him to a wilderness therapy program, where he would be isolated and forced to sleep in the woods under a tarp, is sufficient to establish a claim under the Bane Act. Doc. 77 at 4. He argues that a threat of violence is not a necessary element of a Bane Act claim. *Id.* But Plaintiff does not dispute that Verner's alleged threat constitutes "speech alone," and "[s]peech alone does not satisfy the threat, intimidation, or coercion requirement [of the Bane Act] unless the speech threatened violence." *Partenen v. W. U.S. Pipe Band Assoc.*, No. 1:21-CV-00588-BAM, 2021 WL 5145246, at *10 (E.D. Cal. Nov. 4, 2021); *see Salcido v. City of Mtn. View*, No. 24-CV-08833-NC, 2025 WL 1307811, at *6 (N.D. Cal. May 6, 2025) ("Plaintiff generically references 'aggressive actions and threats,' but only gives examples of Kamei's statements, not her actions. . . . These statements are not enough to support a § 52.1(a) claim, as they do not constitute reasonable threats of violence."); *Voeltz v. United States*, No. 5:21-cv-00151-JWH-KKX, 2022 WL 17219511, at *4 (C.D. Cal. Apr. 14, 2022) ("The Complaint mentions Zuvich's statement about making an arrest, but '[s]peech alone is not sufficient to support [a Bane Act violation], except upon a showing that the speech itself threatens violence.' Cal. Civ. Code § 52.1(k). Voeltz neither explains how Zuvich's utterances constituted a threat or some form of violence under the Bane Act, nor does Voeltz cite any supporting authorities on that point in his Opposition.").[10] The Court agrees with Verner that the alleged statements about sending Plaintiff to a wilderness therapy program do not constitute a threat of violence for purposes of the Bane Act. Docs. 73 at 9, 82 at 4.

---

[10] Plaintiff's citation to *Garcia v. City of Los Angeles*, 611 F. Supp. 3d 918 (C.D. Cal. 2020), is misplaced. Doc. 77 at 4. *Garcia* involved both the threat of arrest and the destruction of the plaintiff's personal property. 611 F. Supp. 3d at 925; *see Edwards v. Cnty. of L.A.*, No. CV 24-01736-MWF (MAAx), 2025 WL 1412480, at *6 (C.D. Cal. Jan. 27, 2025) ("Defendants correctly note that the cases cited by Plaintiffs are inapposite because they involve allegations where the alleged interfering act was not premised on speech alone. *See e.g., Cartwright v. Univ. of California, Davis*, CV 05-0725-MCE (KJM), 2006 WL 902568, at *2 (E.D. Cal. Apr. 5, 2006) (alleging, among other things, plaintiff's personal property was confiscated and destroyed, and she was subjected to repeated verbal abuse) . . . . Because Plaintiffs have not alleged violence or threat of violence, their claim under the Bane Act necessarily fails.").

What is more, Plaintiff does not allege that Verner had the "apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k); *see Walker v. Martinez*, No. 23-CV-1521-CAB-KSC, 2024 WL 3032885, at *3 (S.D. Cal. June 17, 2024) (dismissing Bane Act claims where the alleged threats constituted "speech alone" and the plaintiff failed to plead that the defendants had the apparent ability to carry out any threat); *Wilkins v. Lowe*, No. CV 19-9159-VAP(E), 2020 WL 5370617, at *7 (C.D. Cal. Aug. 12, 2020) (dismissing Bane Act claim where the plaintiff alleged no facts showing that the defendant's "statement itself threatened violence or that [defendant] himself had the apparent ability to carry out any threat").[11]

The Court will grant Verner's motion with respect to the Bane Act claim asserted in count five.

### D.     Defendant Rand's Motion.

Plaintiff alleges that Defendant Rand worked with Stromfors and Vigil to advise the family court that Plaintiff should attend BFB.   Doc. 70 ¶¶ 31-32, 42-46, 169; Doc. 84 at 2. Plaintiff asserts each of the § 1983 claims against Rand.  Doc. 70 ¶¶ 104-84.

Rand argues that the § 1983 claims should be dismissed because Plaintiff has not shown that he acted under color of state law.  Doc. 81 at 4.  The Court agrees.

"Section 1983 claims support a claim for a federal constitutional violation 'only when the alleged injury is caused by 'state action' and not by a merely private actor.'" *Douglass v. HonorHealth*, No. CV-24-00928-PHX-MTL, 2024 WL 4475093, at *2 (D. Ariz. Oct. 11, 2024) (quoting *Jensen v. Lane Cnty.*, 222 F.3d 570, 574 (9th Cir. 2000)).

---

[11] Plaintiff alleges in his response that he would have been "physically forced" into the wilderness program (Doc. 77 at 5), but this allegation is not made in the complaint.  In deciding Verner's motion to dismiss, the Court cannot "consider new allegations raised in [Plaintiff's] response that have no basis in the complaint."  *Microsoft Corp. v. Atmel Corp.*, No. C20-1216JLR, 2021 WL 535126, at *3 (W.D. Wash. Feb. 12, 2021); *see Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL 3973697, at *3 (D. Ariz. Aug. 22, 2019) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

"Because § 1983 claims exclude 'merely private conduct, no matter how discriminatory or wrong,' determining whether a private party acted under color of state law begins with the 'presumption that private conduct does not constitute governmental action.'" *Id.* (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)); *see O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes; *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936-37 (1982) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.  It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.  A major consequence is to require the courts to respect the limits of their own power as directed against state governments and private interests.").

A person acts under the color of state law when he "exercises power possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted); *see O'Handley*, 62 F.4th at 1157 (explaining that this is the "common inquiry" under the framework for analyzing state action) (citing *Lugar*, 457 U.S. at 937); *see also Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1109 (9th Cir. 2022) (noting that the various tests for state action "are designed to answer the same key question: whether the conduct of a private actor is fairly attributable to the State."); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.") (citation omitted).

Plaintiff does not allege that Rand was formally appointed or employed by the family court to provide reunification therapy, nor does he claim that Rand had a contract with the State of Arizona to provide such services.[12]  Rather, Plaintiff contends that Rand,

---

[12] Plaintiff acknowledges that BFB received a deposit from Plaintiff's mother before the family court had ordered the reunification therapy.  Docs. 70 ¶ 31, 70-3 at 2.

who is the owner of BFB, was "granted a veil of state authority" and "delegated [a] public function" when the family court ordered Plaintiff to attend BFB.  Doc. 84 at 5.  But Plaintiff cites no legal authority in support of this contention.  *See id.*

Plaintiff alleges that Rand had "closed-door conversations" with Vigil and Stromfors to guarantee BFB would be chosen by the family court.  *Id.* at 6; Doc. 70 ¶ 169.  But the mere fact that Rand conversed with court-appointed professionals does not render him a state actor for purposes of § 1983.  Plaintiff also alleges that Rand, Vigil, and Stromfors made arrangements for Plaintiff to attend BFB before obtaining permission from the family court.  Docs. 70 ¶ 120, 84 at 6.  But this conclusory allegation, devoid of specific facts as to when and how the purported arrangements were made, is not sufficient to establish a conspiracy or joint action to deprive Plaintiff of his constitutional rights.  *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations are insufficient to consider a private party a state actor for purposes of § 1983); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law, and we have stated that conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act.") (citation modified); *O'Handley*, 62 F.4th at 1159-60 ("[The joint action] test is intentionally demanding and requires a high degree of cooperation between private parties and state officials to rise to the level of state action.") (citation omitted).

Because Plaintiff fails to allege sufficient well-pleaded facts to overcome the presumption that Rand did not act under color of state law, the Court will grant Rand's motion with respect to the § 1983 claims.  *See Douglass*, 2024 WL 4475093, at *5.

Plaintiff also alleges that Rand, like Verner, violated the Bane Act by threatening to send Plaintiff to a wilderness program.  Doc. 70 ¶¶ 208-11; Doc. 84 at 7.  The Court will grant Rand's motion on this claim (Doc. 81 at 5) for reasons stated above.[13]

---

[13] The Court need not address Rand's alternative arguments regarding personal jurisdiction and venue.  Docs. 81 at 5-6, 85 at 4-5.

**IV.    Defendants Parnell, Moniz, and BFB.**

Plaintiff asserts two § 1983 claims (counts one and three) against Defendant Parnell and the battery claims (count four) against Defendant Moniz.  Doc. 70 ¶¶ 104-62, 175-203. But Plaintiff has failed to serve process on these Defendants.  By **July 11, 2025**, Plaintiff shall show cause why the claims against Parnell and Moniz should not be dismissed.  *See* Fed. R. Civ. P. 4(m).

Plaintiff asserts all claims against Defendant BFB except the battery claim.  Doc. 70 ¶¶ 104-84, 204-15.  The Clerk entered BFB's default on January 29, 2025.  Doc. 87; *see* Fed. R. Civ. P. 55(a).  Plaintiff shall have until **July 11, 2025** to file a motion for default judgment against BFB.  *See* Fed. R. Civ. P. 55(b); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the factors for default judgment).

**IT IS ORDERED:**

1.    The motions to dismiss filed by Defendants Stephanie Stromfors, Diana Vigil, Julie Verner, and Randy Rand (Docs. 71, 72, 73, 81) are **granted**.

2.    By **July 11, 2025**, Plaintiff shall show cause why the claims against Defendants Yvonne Parnell and Donna Moniz should not be dismissed.

3.    Plaintiff shall have until **July 11, 2025** to file a motion for default judgment against Defendant Building Family Bridges.

4.    If Plaintiff fails to comply with this order, the Court will dismiss the claims against the remaining Defendants.

Dated this 27th day of June, 2025.

David G. Campbell
Senior United States District Judge

13