**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shai Segui,<br><br>                Plaintiff,<br><br>v.<br><br>Stephanie Stromfors; Diana Vigil; Randy Rand; Julie Verner; Yvonne Parnell; Donna Moniz; and Building Family Bridges,<br><br>                Defendants. | No. CV-24-01171-PHX-DGC<br><br>**AMENDED ORDER** |

Plaintiff Shai Segui asserts civil rights violations and related claims in the operative second amended complaint. Doc. 70. The Court entered an order granting motions to dismiss filed by Defendants Stephanie Stromfors, Diana Vigil, Julie Verner, and Randy Rand. Doc. 89. Plaintiff has filed a motion for relief from the order under Federal Rule of Civil Procedure 60(b)(6). Doc. 94. The motion is fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will deny the motion.

**I.   Background.**[1]

This case arises from Arizona family court proceedings between Plaintiff's parents, David Segui and Donna Moniz.[2] They divorced in 2017, when Plaintiff was eleven years

---

[1] The factual background of this case is further described in the Court's dismissal order. Doc. 89 at 1-3. The facts are taken from the complaint (Doc. 70) and public records attached to the complaint and the parties' briefs (*see* Doc. 89 at 4 n.4).

[2] *See Segui v. Moniz*, FC2015-004537 (Maricopa Cnty. Super. Ct. May 8, 2015).

1

old. A lengthy custody battle ensued over the next several years. Plaintiff alleges that his mother was abusive and he requested to live with his father. Doc. 70 ¶¶ 12-16.

Defendant Vigil, a court-appointed therapeutic interventionist, advised the court that Plaintiff would need therapy to reunify with his alienated mother and recommended Building Family Bridges ("BFB"), an intensive reunification program owned and operated by Defendant Rand. *Id.* ¶¶ 4, 17, 29-30; Docs. 70-2, 72-1.

Defendant Stromfors, the court-appointed best interests attorney, claimed severe alienation between Plaintiff and his mother and also recommended BFB as the preferred reunification program. The state court granted Stromfor's motion and ordered Plaintiff's mother to enroll with the children in BFB. Doc. 70 ¶¶ 23-24, 27, 33, 38-40, 47; Docs. 38-3, 70-1, 74-1.

Plaintiff and his brother were transported to California to attend the BFB program in January 2021. Plaintiff was denied contact with his father and was required to participate in counseling sessions with his mother and Defendants Vigil, Verner, and Rand. Plaintiff described the abuse by his mother and requested to be sent home to his father, but was forced to continue the reunification therapy. Plaintiff was told that if he did not cooperate he would be sent to a wilderness therapy program. Doc. 70 ¶¶ 57-62, 72, 75-77, 79-80.

When the reunification therapy concluded, Plaintiff was placed in the full custody of his mother in accordance with BFB's aftercare program. Plaintiff was threatened with more time away from his father if he did not improve his relationship with his mother and speak favorably about BFB. *Id.* ¶¶ 81, 83-84, 89.

As a result of the reunification therapy, Plaintiff was precluded from having contact with his father for nearly a year and a half and experienced severe emotional distress. Plaintiff alleges that Defendants prolonged the family court proceedings and reunification therapy for their own financial gain. *Id.* ¶¶ 42-46, 86-88, 97-98, 100-02, 109, 159, 165-66.

Plaintiff asserts three claims pursuant to 42 U.S.C. § 1983: violation of the Fourteenth Amendment right to due process, conspiracy to interfere with civil rights, and violation of the First Amendment right to freedom of association (counts one through

three). *Id.* ¶¶ 104-84. Plaintiff also asserts a battery claim (count four) and a civil rights claim under California Civil Code § 52.1, known as the "Bane Act" (count five). *Id.* ¶¶ 185-216.

Defendants Stromfors, Vigil, Verner, and Rand moved to dismiss the claims against them under Rule 12(b)(6). Docs. 71, 72, 73, 81. The Court granted the motions to dismiss on June 27, 2025, finding that: (1) qualified immunity bars the § 1983 claims asserted against Stromfors and Vigil; (2) the § 1983 claim against Rand fails because Plaintiff has not shown Rand acted under color of state law; (3) the § 1983 claims against Verner should be dismissed because Plaintiff requested to remove her from those claims; and (4) the complaint fails to state a Bane Act claim against Verner and Rand. Doc. 89 at 4-12.[3]

On August 19, 2025, Plaintiff moved for relief from the Court's June 27, 2025 order, relying on Rule 60(b)(6). Doc. 94. Defendants Stromfors, Vigil, and Rand oppose the motion. Docs. 95, 97, 99. Plaintiff has withdrawn the motion with respect to Defendant Verner. Docs. 96, 102.

**II.   Rule 60(b)(6) Standard.**

The first five subsections of Rule 60(b) enable a court to grant relief from an order or judgment upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; or (5) a satisfied or discharged judgment. Fed. R. Civ. P. 60(b)(1)-(5); *see Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The sixth subsection, which is invoked by Plaintiff here, "is a catchall provision that allows the [Court] to grant relief from a judgment or order for 'any other reason that justifies relief.'" *Navajo Nation v. U.S. Dep't of Interior*, No. CV-03-00507-PCT-GMS, 2014 WL 12796200, at *1 (D. Ariz. Oct. 1,

---

[3] Plaintiff filed a notice of appeal from the Court's order on July 18, 2025. Doc. 90. On July 28, 2025, the Court dismissed the claims against Defendants Parnell, Moniz, and BFB because Plaintiff had failed show cause why the claims against Parnell and Moniz should not be dismissed for lack of service, and because Plaintiff had failed to file a motion for default judgment against BFB. *See* Docs. 89 at 13, 92 at 1.

1  2014) (quoting Fed R. Civ. P. 60(b)(6)). But Rule 60(b)(6) permits relief only on grounds not covered by the first five subsections of Rule 60(b). *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). And "[b]ecause subsections (1) through (5) cover a lot of territory, the scope of Rule 60(b)(6) is necessarily quite limited." 2 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary at 286-87 (2024). It is "used sparingly as an equitable remedy to prevent manifest injustice[.]" *Warfield v. Froemming*, No. CV-22-08056-PCT-GMS, 2024 WL 3595658, at *1 (D. Ariz. July 30, 2024) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). "Relief under Rule 60(b)(6) is the exception, not the rule. 'Extraordinary circumstances' must be present before a party can obtain relief from a judgment [or order] under this rule." *Grand Canyon W. Ranch, LLC v. Kempthorne*, No. CV-03-02496-PCT-NVW, 2013 WL 12364963, at *2 (D. Ariz. July 1, 2013) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)); *see also BLOM*, 605 U.S. at 212 (discussing the "stringency of the 'extraordinary circumstances' test"). The moving party bears the burden of proving a basis for Rule 60(b)(6) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

**III.    Discussion.**

Plaintiff's Rule 60(b)(6) motion reads much like his second amended complaint and his responses to the motions to dismiss. In the introduction and background sections, Plaintiff reasserts his factual allegations and arguments previously made. Doc. 94 at 6-14. But a Rule 60(b)(6) motion "does not give a party the opportunity to re-litigate its case after the court has rendered a decision," nor is it a "second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed[.]" *Evans v. Cnty. of L.A*, No. 2:20-cv-02504-FLA (ASx), 2022 WL 16961472, at *4 (C.D. Cal. July 5, 2022) (citations omitted). Plaintiff also asserts new claims, contending, among other things, that "therapeutic intervention" constitutes inhuman medical experimentation and torture in violation of the Nuremberg Code, and that Defendants subjected Plaintiff to kidnapping, psychological torture, false imprisonment, and other crimes against humanity. Doc. 94 at

4

7-11. In addition to the fact that these claims are not part of Plaintiff's case, a Rule 60(b)(6) motion is not the place for "new arguments or supporting facts which were otherwise available for presentation in the underlying proceedings." *Evans*, 2022 WL 16961472, at *4 (citation omitted); *see also United States v. Gray*, No. 1:21-CV-3126-TOR, 2025 WL 581389, at *3 (E.D. Wash. Feb. 21, 2025) ("Rule 60(b) is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers before judgment, or as a substitute for appeal.") (citation modified); *McIntyre v. Ariz. Bd. of Regents*, No. CV-24-08151-PCT-DGC, 2025 WL 296399, at *1 (D. Ariz. Jan. 24, 2025) ("Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis.") (citations omitted).

Plaintiff makes two specific arguments in seeking relief from the Court's dismissal order: (1) the grant of qualified immunity was clear legal error, and (2) the Court failed to accept Plaintiff's factual allegations as true. Doc. 94 at 14-23. Because neither argument has merit, the Court will deny the Rule 60(b)(6) motion.[4]

### A.   Qualified Immunity.

Qualified immunity shields government officials, including private individuals retained by the government to carry out its work, from § 1983 claims unless the plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted); *see Filarsky v. Delia*, 566 U.S. 377, 389 (2012) (immunity from § 1983 claims applies to individuals working for the government). An official's conduct violates clearly established law when "the contours of a right are

---

[4] The Court has jurisdiction to deny Plaintiff's motion despite his appeal from the dismissal order. *See* Fed. R. Civ. P. 62.1(a)(2); *Out of the Box Enters., LLC v. El Paseo Jewelry Exch., Inc.*, 737 F. App'x 304, 305 (9th Cir. 2017) ("Although the district court lacked the authority to grant El Paseo's Rule 60(b) motion without a remand from our court, it had jurisdiction to deny the motion on the merits, defer consideration, or issue an indicative ruling.") (citations omitted). The Ninth Circuit has stayed appellate proceedings until the Court rules on the Rule 60(b)(6) motion. *See* Doc. 7, *Segui v. Stromfors*, No. 25-4508 (9th Cir. Sept. 10, 2025).

sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (citation modified).  Although there need not be a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*; *see also Martinez v. High*, 91 F.4th 1022, 1031 (9th Cir. 2024) ("[E]xisting case law must have put 'every reasonable official' on notice that their conduct was unconstitutional."); *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017) ("For a right to be clearly established, case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law.").  "The plaintiff 'bears the burden of showing that the rights allegedly violated were clearly established.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 969 (9th Cir. 2021) (quoting *Shafer*, 868 F.3d at 1117).

In response to Stromfors' motion to dismiss, Plaintiff asserted that she violated his constitutional right to familial association by threatening him to openly lie to the court or lose access to his father. Doc. 74 at 7 (citing Doc. 70 ¶ 211).  But Plaintiff cited no legal authority showing that this alleged constitutional violation was well established at the time of the challenged conduct.  *See* Doc. 89 at 6 (citing Doc. 74 at 7-8).

Plaintiff further asserted that Stromfors is being sued for exceeding her authority as a best interests attorney, deceiving the family court into severing Plaintiff's relationship with his father, conspiring to secure a contract to send Plaintiff to BFB, and failing to report his mother's abuse.  Doc. 74 at 11-12.  But Plaintiff cited no case on similar facts where a court has upheld a familial association or due process claim.  *See* Doc. 89 at 6.

Because Plaintiff failed to show that the contours of his claimed rights were sufficiently clear that every reasonable official would have understood that what she was doing violates those rights, the Court found that Stromfors is entitled to qualified immunity. *Id.* at 6-7.

Plaintiff asserted that Vigil violated his constitutional rights by failing to report the abuse by Plaintiff's mother for Vigil's own financial benefit and by falsely reporting to the

family court that Dr. Raymond Branton, who served as the therapeutic interventionist before Vigil, supported Plaintiff attending BFB. Doc. 75 at 6 (citing Doc. 70 ¶¶ 16-27). Again, however, Plaintiff cited no case where, on similar facts, a court has upheld a familial association or due process claim. *See* Doc. 89 at 7. The Court therefore found that qualified immunity shields Vigil from liability on the § 1983 claims. *Id.*

Plaintiff's Rule 60(b)(6) motion does not show that the Court committed manifest error when it found that Stromfors and Vigil are entitled to qualified immunity. Plaintiff asserts that the constitutional right to family unity is well established. Doc. 94 at 15-19. But as explained in the Court's previous ruling, this right is too general to satisfy the "clearly established" requirement and defeat qualified immunity. The Supreme Court repeatedly has told courts "not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). A court must instead "examine 'whether the violative nature of *particular* conduct is clearly established' by controlling precedent, not whether the conduct violates a general principle of law." *Sharp v. Cnty. of Orange*, 871 F.3d 901, 910 (9th Cir. 2017) (citations omitted). Plaintiff must "*identify a case* where an officer acting under similar circumstances as [Defendants] was held to have violated" the constitutional rights at issue. *Id.* at 911 (citation omitted). Plaintiff has failed to meet his burden of identifying "prior case law that articulates a constitutional rule specific enough to alert *these* [Defendants] *in this case* that *their particular conduct* was unlawful." *Id.*

Plaintiff asserts that his constitutional rights to familial association are reciprocal to those of his father, and that this point is dispositive regarding qualified immunity. Docs. 94 at 17, 100 at 5, 12-13. But the Court did not find that Plaintiff has no constitutional right to family unity, nor did the Court dismiss the § 1983 claims because Plaintiff was a minor at the time of the challenged conduct. *See* Doc. 100 at 5. The Court instead applied the qualified immunity requirements established by the Supreme Court and Ninth Circuit.

Plaintiff contends that alleged false statements to the family court support a § 1983 judicial deception claim and that experimenting on Plaintiff through "therapeutic

7

intervention" defeats qualified immunity. Doc. 94 at 17-21. But Plaintiff did not make these arguments in his responses to the motions to dismiss. *See* Docs. 74, 75, 77, 84. In seeking relief from an order under Rule 60(b)(6), a party may not "present new arguments it failed to make prior to the issuance of the order." *Travelers Indem. Co. of Conn. v. Walking U Ranch, LLC*, No. 2:18-CV-02482-CAS-GJSX, 2025 WL 1753501, at *5 (C.D. Cal. June 2, 2025) (citation modified).[5]

### B.    Factual Allegations.

Plaintiff contends that the Court failed to accept his alleged facts as true and instead accepted Defendants' factual narrative. Doc. 94 at 10, 14, 21-23. This is not correct.

The facts the Court relied on in its dismissal order were taken from Plaintiff's complaint and family court records of which the Court can take judicial notice. *See* Doc. 89 at 1-4. Contrary to Plaintiff's contention, the Court treated all well-pled factual allegations in the complaint as true and construed them in the light most favorable to Plaintiff. *See id.* at 3-4.

Plaintiff asserts that "therapeutic intervention" is not a safe and effective treatment for any mental health condition, let alone "parental alienation syndrome," which has not been recognized as a legitimate condition. Doc. 94 at 9-10, 22-23; Doc. 100 at 5-9. But the dismissal of Plaintiff's claims was not based on any such finding. The § 1983 claims against Stromfors and Vigil were dismissed on qualified immunity. The § 1983 claim against Rand was dismissed because Plaintiff failed to show that Rand was a state actor. And the Bane Act claims against Verner and Rand were dismissed because the alleged statements about sending Plaintiff to a wilderness therapy program do not constitute a threat of violence for purposes of the Bane Act. *See* Doc. 89 at 4-12. The Court's dismissal

---

[5] Plaintiff argues in his reply that Rand acted under color of state law by jointly engaging in the challenged conduct with Stromfors and Vigil. Doc. 101 at 12. But Plaintiff did not make this argument in his response to Rand's motion to dismiss (Doc. 84 at 3-5), and the Court will not consider an argument made for the first time in a reply brief. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006).

did not hinge on disputed facts or the validity of mental health diagnoses (*see* Doc. 94 at 10), but on proper legal conclusions.

### C. Plaintiff's Request for Leave to Amend.

Plaintiff seeks leave to file a third amended complaint that would assert a Fourth Amendment claim and allege that Defendants subjected Plaintiff to involuntary human medical experimentation, psychological torture, false imprisonment, and other crimes against humanity. Doc. 94 at 11, 19, 22. The Court may deny leave to amend on the basis of undue delay by the requesting party, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has amended his complaint on two previous occasions, both in response to Defendants' motions to dismiss. *See* Docs. 24, 70. Because Plaintiff has had multiple opportunities to cure deficiencies in his pleadings and has failed to do so, the Court concludes that further amendment would be futile. What is more, this case is nearly a year and a half old and is still at the pleading stage. Granting Plaintiff leave to file a third amended complaint would result in undue delay and prejudice to Defendants. Plaintiff's request for leave to amend is denied.[6]

### D. Defendants' Request for Sanctions.

Defendants ask the Court to impose sanctions against Plaintiff under 28 U.S.C. § 1927. Docs. 97 at 11, 99 at 7. "With § 1927 as with other sanction provisions, 'district courts enjoy much discretion in determining whether and how much sanctions are appropriate.'" *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-CV-03089-PHK, 2025

---

[6] Because the Court will deny the Rule 60(b)(6) motion, and in light of Plaintiff's appeal from the dismissal order, it is not clear the Court has jurisdiction to grant Plaintiff leave to amend even if the Court were inclined to do so. *See Allmerica*, 139 F.3d at 665 ("Because Llewellyn filed his post-judgment motions several days after the Judgment of Dismissal, the district court could not therefore entertain the Motion for Leave to File Second Amended Answer unless and until Llewellyn demonstrated that he was entitled to relief under Rule 60(b)."). The Court also notes that the request for leave to amend does not alter the Court's decision to deny the Rule 60(b)(6) motion. *See BLOM*, 605 U.S. at 213 ("The Rule 60(b)(6) standard does not change when a party seeks to reopen his case to amend his complaint. . . . Rule 15(a)'s liberal amendment policy therefore cannot weaken Rule 60(b)(6)'s 'extraordinary circumstances' standard.").

WL 980796, at *5 (N.D. Cal. Mar. 31, 2025) (citations omitted). The Court concludes that Plaintiff's vigorous efforts to pursue relief do not warrant sanctions.

**IT IS ORDERED:**

1. Plaintiff's Rule 60(b)(6) motion (Doc. 94) is **denied**.
2. The Clerk shall provide a copy of this order to the Court of Appeals.

Dated this 5th day of November, 2025.

David G. Campbell
Senior United States District Judge